UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRUCE W. WEATHERS, TDOC#375917 )
)
v. ) NO. 2:08-CV-67
)
HOWARD CARLTON, Warden of NECX )

## MEMORANDUM and ORDER

This is a *pro se* civil rights action for injunctive and monetary relief filed under 42 U.S.C. § 1983. Plaintiff is a prisoner in custody of the Tennessee Department of Correction [TDOC], and the sole defendant is Howard Carlton, the Warden of the Northeast Correctional Complex [NECX], where plaintiff is currently confined. In plaintiff's complaint, attachments, and supplements, he alleges that his writing materials were confiscated from his cell at the NECX, though he had not and has not been charged with or convicted of a state or federal crime or a prison disciplinary offense; that he is housed in a maximum security cell; and that he has not been given a job. It is his premise that these conditions and events are the products of a conspiracy to violate rights secured to him by the First, Fifth, Eighth, and Fourteenth Amendments and also of an abuse of state powers.

### I. The Pending Motion

Plaintiff's motion is a letter motion, which contains purported quotations from, *inter alia*, Mein Kampf, an infamous book authored by Adolph Hitler. In this motion, plaintiff relates that he has been released from maximum security and now is permitted to buy

pens and paper at will. [Doc. 10]. However, plaintiff's confiscated property has not been restored to him and he has not been reimbursed for items stolen or missing, which defendant Warden has told him is a decision to be made by federal authorities. Those said authorities include District Judge Harry Mattice, Jr., the United States Attorney's Office, the Secret Service, the F.B.I., and this Court. This Court has had no involvement in the confiscation of plaintiff's property and, insofar as the electronic case management system shows, neither has Judge Mattice. Therefore, plaintiff's implicit request for the return of his confiscated property or the reimbursement of these items is **DENIED**. However, since plaintiff indicates that he has been released from maximum confinement and now has access to writing materials, any claims related to those matters have become **MOOT** and are **DISMISSED**.

## II. **The Filing Fee**

Plaintiff has submitted an application to proceed *in forma pauperis* and an affidavit, which reflects that he lacks sufficient financial resources to submit the entire filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nonetheless, because plaintiff is a prisoner, he is **ASSESSED** the civil filing fee, which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to plaintiff's' inmate trust account;

    or

> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined and to George Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee assessment and collection procedures outlined above.

### III. **Plaintiff's Allegations**

In his complaint, plaintiff contends that officers came to his cell in unit 2, cell number 08, secured him to a room in the unit with leg chains and a waist chain attached to a black box, and proceeded to steal his personal property, including writing materials, a book, a magazine, his DNA report from the TBI, his religious material, runes, calendar, post cards, collection cards and other items. According to plaintiff, this shake down was not an official act, but was, in effect, a home invasion. Also, according to plaintiff, the TDOC is in cahoots with street gangs and defendant Warden and his staff have failed to pay taxes due on their

---

[1] Payments should be mailed to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

3

gang-affiliated and illicit activities. Though plaintiff's filings contain arcane references to temples and organizations, e.g., "Ancient Ambic Order Nobles of The Shrine, a sect of Sufi Islam" etc., the Court understands that his core allegations are that, due to the Warden's conspiracy to deprive him of his rights, he was deprived of his property, placed in maximum security, without sufficient reason, and denied a prison job.

Plaintiff would have the Court order defendant to permit him full access to ink pens, typing paper, stamps, envelopes and to refrain from interfering with this lawsuit. Also, plaintiff seeks an award of $ 378,012,000 [three hundred seventy-eight million and twelve thousand dollars] and any other award to which he is entitled. As noted previously, any claim with regard to writing materials has been mooted by the restoration of plaintiff's unlimited access to such items.

IV. **Screening the Complaint**

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

To state a claim under 42 U.S.C. § 1983, plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). The first element is missing in the four claims which remain.

4

A. *Property claims*: The Court infers from the complaint that plaintiff is alleging a claim for a due process violation stemming from the "shakedown" of his cell. Assuming that he is maintaining that he was subjected to an unauthorized, intentional deprivation of his personal property without the procedures which were due him, he will not state such a claim unless he pleads and proves that he has no meaningful state post-deprivation remedies available or that such remedies as are available are ineffective to protect his rights. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986); *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir.1983). Tennessee has such a remedy, *see McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201)), and plaintiff has failed to show that it is inadequate.

B. *Maximum security claims*: Plaintiff's contention that he was placed in a maximum security cell likewise fails to state a claim because a prisoner has no right to placement in a particular security classification. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). A valid conviction permits a state constitutionally to deprive a criminal defendant of his liberty, confine him in a prison and subject him to its rules so long as conditions of confinement fall within the parameters of the sentence imposed. *Id.* (no due process violation where conditions "within the terms of confinement ordinarily contemplated by a prison sentence").

C. *Prison employment/transfer claims*: Plaintiff asserts that he either should be given a job or transferred to another prison. Neither of these assertions is a matter of

constitutional concern. An inmate has no constitutional right to a prison job, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989), and no recognizable right under the Constitution to be confined in any particular facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1983).

      D. *Civil conspiracy claims:* Finally, the overarching claim of a civil rights conspiracy comes up short. To prove a civil conspiracy, a plaintiff must show an agreement between two or more persons to injure another by unlawful action. *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996). The only defendant and alleged conspirator named in this suit is Warden Carlton. This defendant, as a matter of law, cannot engage in a conspiracy with himself. Also, plaintiff has not shown any of the elements of a conspiracy claim—an agreement between two or more persons, an overt act in furtherance of the conspiracy, and a resulting injury. *Collyer,* 98 F.3d at 299. None of these things have been pled. It is well settled that "conspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Gutierrez v. Lynch,* 826 F.2d 1534, 1538-39 (6th Cir.1987). Put simply, plaintiff has failed to state a claim for a civil conspiracy.

## V. **Conclusion**

Based on the above discussion, the Court finds that plaintiff has failed to state a claim against defendant Warden and will dismiss this case accordingly.

A separate order will enter.

**ENTER**:                                                           s/J. RONNIE GREER
                                                                                     UNITED STATES DISTRICT JUDGE

Case 2:08-cv-00067-JRG-DHI   Document 12   Filed 01/27/09   Page 6 of 6   PageID #: 72